UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARLON BYRD,

      Defendant.

_____/

Case No. 10-20546

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [14]**

Defendant is charged in an Indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); and with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1).  The charges arise out the execution of a state search warrant for 112 E. Mason St., Jackson, Michigan.

At a hearing held on January 5, 2011, this matter came before the Court on Defendant's motion to suppress evidence seized during the execution of the search warrant.[1]  Defendant's motion is DENIED.

I.    **Facts**

    A.  **Application for the Search Warrant**

On July 14, 2010, Detective Wesley Stanton of the Jackson Narcotics Enforcement Team ("JNET") applied for a search warrant for 112 E. Mason St., Jackson, Michigan.  The

_____

[1]At that hearing, the Court granted defense counsel's request for two additional weeks to either file a supplemental brief or inform the Court that one would not be filed.  On January 28, 2011, the Court was notified that defense counsel would not be filing a supplemental brief on the motion to suppress evidence.

affidavit in support of that search warrant (the "Affidavit") stated that the search warrant was sought within 48 hours of a confidential informant's controlled purchase of heroin from an individual known as "Fish" at 112 E. Mason St., Jackson, Michigan. (Gov't Resp., Ex. A, Aff. ¶¶ 6-14.) The confidential informant ("CI") had made purchases for law enforcement in the past and had "proven to be a reliable source." (*Id.* at ¶ 7.)

As to probable cause, the Affidavit provided the following information.

On July 12, 2010, Detective Stanton (the affiant) made contact with a CI who had proven to be a reliable source, and the CI advised him that he/she could purchase heroin from a black male by the nickname of Fish at 112 E. Mason St., Jackson, Michigan. (*Id.* at ¶¶ 6-7.) Then, that same day, Detective Stanton met with the CI at a pre-determined location and followed the established protocol for a controlled buy of heroin at 112 E. Mason St., Jackson, Michigan, with pre-recorded funds. (*Id.* at ¶¶ 8-9.) JNET surveillance observed the CI exit his/her vehicle and enter the front door of the residence at 112 E. Mason St. After about six minutes, the CI exited the same door and walked directly back to his/her vehicle. Again, under constant surveillance by JNET officers, the CI was observed getting back in his/her vehicle and drove directly to a predetermined location. (*Id.* at ¶ 10.) "Upon returning to the predetermined location, the CI handed [Detective Stanton] four folded lott[e]ry tickets containing suspected Heroin." (*Id.* at ¶ 11.) Detective Stanton field tested the suspected heroin with positive results for heroin base. (*Id.*) The CI advised that he/she purchased the heroin from a black male with the nickname "Fish," and further advised that he/she had purchased heroin at 112 E. Mason St., Jackson, Michigan in the past. (*Id.* at ¶ 12.) After the controlled purchase and returning to the predetermined location, both the CI and his/her vehicle were searched. No contraband or US currency

2

was found.  (*Id.* at ¶ 13.)

On July 14, 2010, at about 8:00 p.m., the search warrant and supporting affidavit were presented to and signed by Judge James M. Justin of the 12th District Court, Jackson County, Michigan.

On July 14, 2010, at about 9:30 p.m., JNET and Jackson Police Department officers executed the search warrant at 112 E. Mason St., Jackson, Michigan.

### B.  Indictment

On September 20, 2010, Defendant was arraigned on a two-count indictment charging him with violations of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, and 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Heroin.

## II.  Analysis

Defendant disputes "the validity" of paragraphs 6, 12, and 13 of the warrant's supporting affidavit, questions the CI's reliability and whether a controlled buy occurred at 112 E. Mason Street, and argues that the remaining paragraphs fail to establish probable cause.  Paragraphs 6, 12 and 13 aver that Detective Stanton made contact with a CI who advised him that he/she could purchase heroin from a black male with the nickname of "Fish" at 112 E. Mason Street; that after taking part in a controlled buy, the CI told Detective Stanton that he/she had purchased heroin from a black male with the nickname of "Fish" at 112 E. Mason Street; and that the CI and his/her vehicle were searched after the controlled buy and no contraband or US currency was discovered.

As an initial matter, this Court concludes that Defendant had not made a threshold showing that the supporting affidavit contained deliberately or recklessly false information and thus is not entitled to a *Franks* hearing.  Under *Franks v. Delaware*, 438 U.S. 154

3

(1978), a defendant may challenge the validity of a search warrant by alleging that the affidavit supporting the warrant contains false statements. To make such a challenge, and to be entitled to an evidentiary hearing on the issue, the defendant must satisfy a two part test:

1. Defendant must make a substantial preliminary showing that the affidavit contained false statements and that the false statement was made "knowingly and intentionally, or with reckless disregard for the truth"; and

2. The court must find that the challenged statements were necessary to a finding of probable cause; i.e., exclusion of the allegedly false statements would render the affidavit insufficient to support probable cause.

See Franks, 438 U.S. at 155-56. If the defendant fails to make the necessary "substantial preliminary showing" of deliberate falsehoods or reckless disregard for the truth, the presumption of validity with respect to the challenged affidavit is not overcome and a Franks evidentiary hearing is not warranted. See Franks, 438 U.S. at 171. "Warrant affidavits carry with them 'a presumption of validity,' and 'the challenger's attack must be more than conclusory' and must allege 'deliberate falsity or reckless disregard [on the part] of the affiant, not of any nongovernmental information.'" United States v. Stuart, 507 F.3d 391, 396 (6th Cir. 2007) (quoting Franks, 438 U.S. at 171 (1978) (emphasis added)).

Defendant's attack on the validity of the warrant affidavit is no more than conclusory. Accordingly, there is no ground for a Franks hearing and no ground for ignoring paragraphs 6, 13, and 13 when making the probable cause determination. The Court now considers whether probable cause was established.

In order to determine if the Affidavit established probable cause, the Court must look to the totality of the circumstances, including the veracity and basis of knowledge of persons supplying hearsay information. See Illinois v. Gates, 462 U.S. 213 (1983).

4

"Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotation marks and citation omitted). "[R]eviewing courts are to accord the magistrate's [probable cause] determination great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*) (internal quotation marks and citation omitted).

Despite Defendant's claims to the contrary, the challenged Affidavit provided the issuing judge with a "substantial basis for . . . conclud[ing] that probable cause existed." *Gates*, 462 U.S. at 238-39 (internal quotation marks and citation omitted). First, it stated that the CI has proved to be a reliable source in the past and was now informing Detective Stanton that he/she could purchase heroin at 112 E. Mason Street from a black male with the nickname of "Fish." (Gov't Resp., Ex. A, Aff. at ¶¶ 6-7.) Second, the Affidavit provided detailed facts corroborating that a controlled purchase of heroin from a black male with the nickname of "Fish" had occurred on July 12, 2010 at 112 E. Mason Street. (*Id.* at ¶¶ 8-13.) Third, it stated that, based on Detective Stanton's training and experience and participation in numerous controlled substance investigations, it was likely that evidence of drug dealing would be found at 112 E. Mason Street. (*Id.* at ¶¶ 3-5.) Fourth, the information in the Affidavit was not stale because the controlled purchase occurred within the past 48 hours. (*Id.* at 14.)

The statements of an informant like the CI in this case, whose identity and reliability is known to the police, is "entitled to far greater weight than those of an anonymous source." *United States v. May*, 399 F.3d 817, 824-25 (6th Cir. 2005). Moreover, the CI's statements concerning the controlled purchase are corroborated by the constant police

surveillance described in the Affidavit.

Finally, because there is a statement in the Affidavit about the CI's reliability, the facts supporting the search warrant here are even stronger than those where the Sixth Circuit has upheld the district court's finding of probable cause. *See, e.g., United States v. Sales*, 247 F. App'x 730, 734 (6th Cir. 2007) (observing that, even though the warrant affidavit did not contain any facts supporting the CI's reliability, the officer's "corroboration of the CI's controlled buy provided sufficient probable cause for the issuance of the search warrant."); *see also, United States v. Coffee*, 434 F.3d 887, 894 (6th Cir. 2006) (same); *United States v. Jackson*, 470 F.3d 299, 308 (6th Cir. 2006) (same).

## III.  Conclusion

For the above-stated reasons, Defendant's motion to suppress the evidence seized during execution of the search warrant for 112 E. Mason Street [14] is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 28, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager